[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT AS TO STATUTE OF LIMITATIONS
Plaintiff Travelers Property Casualty (Travelers) brings this subrogation action against Premier Roofing Company (Premier) to recoup monies paid out by the Travelers to cover water damages which allegedly resulted from faulty work undertaken by Premier under a subcontract from Traveler's insured, Prete Sons CT Page 3663 Construction. The subcontract which Prete Sons Construction entered into with Premier was for roofing renovation and repair at the Bunnell High School of the Town of Stratford. Travelers alleges that due to Premier's alleged carelessness in carrying out its roofing work, water leaked from the roof into the school and caused property damage, and that as the insurer of Prete and Sons it thereafter was obligated to and did pay monies to the Town of Stratford for repairs to the school.
Answers to the Requests to Admit establish that 1) the roofing repair/renovation work was performed from about July 30, 1991 through September of 1991; 2) Prete and Sons paid Premier for the roofing work in the summer of 1991; and 3) the water damage occurred in July or August of 1991. Defendant Premier does not admit responsibility for any alleged carelessness. Furthermore, defendant Premier has filed a Motion for Summary Judgment in which it asserts that since the subcontract with Prete and Sons was oral and this subrogation action was commenced on October 30, 1996 — more than three years after the occurrence of the alleged damage, this action is barred by Conn. Gen. Stat. Sec. 52-581.
Conn. Gen. Stat. Sec. 52-581 states in material part that "[n]o action founded upon any express contract or agreement which is not reduced to writing or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." Summary judgment is appropriate only where ". . . the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Prac. Bk. Sec. 17-49. One of the arguments advanced by Travelers is that there is no clear evidence that the contract or agreement was oral and thus not reduced to writing. In this regard, Travelers attaches to its Memorandum in Opposition to the Motion for Summary Judgment a copy of a Purchase Order, dated July 30, 1991, from Prete Sons to Premier Roofing. The Purchase Order refers to the roofing job at the high school and uses language requiring "strict adherenceto plans, specifications . . . as outlined on page # 1 contractdocuments." Travelers claims that this reference to contract documents presumes the existence of a contract reduced towriting, within the meaning of Sec. 52-581, and that therefore, this action is not barred by said statutory provision. CT Page 3664
This court is mindful of the admonition that in ". . . deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." Hertz Corp, v. Federal Ins. Co., 245 Conn. 374, 381
(1998). Viewing the evidence in the context of this illumination, this court finds that the plaintiff has raised a bona fide issue as to whether the contract in this case was reduced to writing or of which some note or memorandum was made in writing and signed by the party to be charged therewith.
For the foregoing reasons, the defendant's Motion for Summary Judgment must be and hereby is denied.
Clarance J. Jones, Judge